IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CHARITABLE DAF FUND, L.P.** <br> **and CLO HOLDCO, LTD.,** <br> *directly and derivatively,* <br><br> *Plaintiffs,* <br><br> v. <br><br> **HIGHLAND CAPITAL MANAGEMENT,** <br> **L.P., HIGHLAND HCF ADVISOR, LTD.,** <br> **and HIGHLAND CLO FUNDING, LTD.,** <br> *nominally,* <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §    **CAUSE NO. 3:21-cv-00842-B** |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Plaintiffs CLO Holdco, Ltd. and The Charitable DAF Fund, L.P., respectfully ask this Court for lave to file its Response to Defendant Highland Capital Management LP's *Motion to Dismiss Complaint* ("Motion") in excess of the page limits.

1. Highland filed its 12(b)(6) Motion after filing its Rule 12(b)(1) Motion for an Order to Enforce the Order of Reference, raising direct claims for lack of sufficient pleadings under Rule 9(b), and raising two collateral attacks based upon its affirmative defenses of *res judicata* / collateral estoppel, and one based upon the applicability of the Advisers Act under the circumstances. Dkt. 26. The Motion further attaches a trove of documents as its appendix. Dkt. 28.

2. This Court granted the Plaintiffs until June 29, 2021, to file their Response. Dkt. 31.

3. As we have been pursuing our Response, it is becoming obvious that the Response is very likely to exceed the page limits. The length is because undersigned would like to give the Court a fulsome response, which is space-consuming because of:

- The breadth of the disputations;

- The complexity of the transaction;

- The complexity of the law both as it relates to the unique features of the Investment Advisers Act of 1940, and its interplay with state law; and

- The complexity and uniqueness of the law of *res judicata* as applied to the Bankruptcy Court Order approving business decisions and settlements between the Debtor and a third party;

This is to say nothing of the fact that the Complaint is fairly specific and lengthy, and responding to a Rule 9(b) motion can likewise become cumbersome.

4. Undersigned is cognizant of the Court's reliance on page limits to prevent parties from failing to do their part in simplifying and streamlining the issues, or from just filing voluminous paper in the hopes of overwhelming the Court and throwing its hands up. We assure the Court that is not the plan here, and we will endeavor to come in under the current 25-page limit.

5. However, in the event that it becomes necessary—i.e., where brevity will come at the expense of clarity, completeness, and thoroughness—Movants respectfully ask this Court for leave to exceed the page limits by up to ten pages.

6. This Motion is not for delay or any other improper purpose but so that substantial justice may be done.

7. Plaintiffs' counsel has conferred with Highland's counsel who do not oppose this Motion.

Dated:  June 28, 2021

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/  Mazin A. Sbaiti*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
     jeb@sbaitilaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Highland Capital Management, L.P., who are not opposed to the relief sought herein.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti