PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHARITABLE DAF FUND, L.P., AND CLO HOLDCO LTD., | § § § | |
| Plaintiff, | § § | Case No. 3:21-cv-00842-B |
| vs. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING, LTD. | § § § | |
| Defendants. | § § | |

**DEBTOR'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      PRELIMINARY STATEMENT ......................................................... 1

II.     PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA ...................................... 2

     A.     Plaintiffs' Argument that Settlement does not "Release" Claims Is Without Merit........................................................................ 2

     B.     The Settlement Is a Final Order That Resolved the Claims and Issues on the Merits .............................................................. 2

     C.     The Bankruptcy Court Possessed Jurisdiction to Hear the Claims....................... 4

     D.     The Claims Arise from the Same Common Nucleus of Operative Facts as Those Raised in the Prior Proceeding.................................................. 5

III     PLAINTIFFS' CLAIMS ARE BARRED BY JUDICIAL ESTOPPEL............................ 7

IV.     PLAINTIFFS FAIL TO STATE CLAIMS FOR RELIEF ................................. 8

     A.     Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty ............................. 8

     B.     Plaintiffs Fail to State a Claim for Breach of Members Agreement.................... 11

     C.     Plaintiffs Fail to State a Claim for Tortious Interference with Contract.............. 13

     D.     Plaintiffs Fail to Plead a Claim for Negligence ................................. 13

     E.     Plaintiffs Fail to State a Claim under RICO ......................................... 13

CONCLUSION................................................................................ 15

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Accord Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*,
238 F. Supp. 3d 799 (S.D. Tex. 2017) .................................................................. 10

*Affco Invs. 2001, L.L.C. v. Proskauer Rose, L.L.P.*,
625 F.3d 185 (5th Cir. 2010) ............................................................................... 17

*Anderson v. Wells Fargo Bank, N.A.*,
953 F.3d 311 (5th Cir. 2020) ................................................................................. 7

*Applewood Chair Co. v. Three Rivers Planning & Dev. Dist. (In re Applewood Chair Co.)*,
203 F.3d 914 (5th Cir. 2000) ................................................................................. 2

*Basic Capital Mgmt. v. Dynex Commer., Inc.*,
402 S.W.3d 257 (Tex. App.—Dallas 2013) .......................................................... 14

*Baumstimler v. Rankin*,
677 F.2d 1061 (5th Cir. 1982) ............................................................................. 14

*Belmont v. MB Inv. Partners, Inc.*,
708 F.3d 470 (3d Cir. 2013) ................................................................................ 11

*Benson and Ford, Inc. v. Wanda Petroleum Co.*,
833 F.2d 1172 (5th Cir. 1987) ........................................................................... 6, 7

*Chalmers v. Gavin*,
No. 3:01–CV–528–H, 2002 WL 511512 (N.D. Tex. Apr. 2, 2002) ........................ 3

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) .............................................................................. 13

*Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*,
68 F.3d 914 (5th Cir. 1995) ................................................................................... 4

*Crowe v. Henry*,
43 F.3d 198 (5th Cir. 1995) ................................................................................. 17

*Douglass v. Beakley*,
900 F. Supp. 2d 736 (N.D. Tex. 2012) ................................................................ 11

*Goldenson v. Steffens*,
No. 2:10-cv-00440-JAW, 2014 U.S. Dist. LEXIS 201258 (D. Me. Mar. 7, 2014) ......... 11

*Goldstein v. SEC*,
451 F.3d 873 (D.C. Cir. 2006) ............................................................................. 10

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989) ......................................................................................... 16, 17

*Hall v. Hodgkins*,
305 Fed.Appx. 224, 229 (5th Cir. 2008) ............................................................. 7, 9

*I Love Omni, LLC v. Omnitrition Int'l, Inc.*,
 No. 3:16-CV-2410-G, 2017 WL 3086035 (N.D. Tex. July 20, 2017) ................................... 14

*In re Alfonso*,
 No. 16-51448-RBK, 2019 WL 4254329 (Bankr. W.D. Tex. Sept. 6, 2019) ............................ 4

*In re Burzynski*,
 989 F.2d 733 (5th Cir. 1993) ................................................................................................. 16

*In re Coastal Plains Inc.*, 179 F.3d 197 (5th Cir. 1999) ........................................................ 8, 9

*In re Katrina Canal Breaches Litig.*,
 495 F.3d 191 (5th Cir. 2007) ................................................................................................. 13

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*,
 802 F. Supp. 2d 725 (E.D. La. 2011) .................................................................................... 18

*In re Paige*,
 610 F.3d 865 (5th Cir. 2010) ................................................................................................... 7

*In re Save Our Springs (S.O.S.) All., Inc.*,
 393 B.R. 452 (Bankr. W.D. Tex. 2008) .................................................................................. 9

*Laird v. Integrated Res.*,
 897 F.2d 826 (5th Cir. 1990) ............................................................................................ 10, 11

*Little v. KPMG LLP*,
 No. SA-07-CA-621-FB, 2008 WL 576226 (W.D. Tex. Jan. 22, 2008) ............................ 12, 14

*Lovelace v. Software Spectrum*,
 78 F.3d 1015 (5th Cir. 1996) ................................................................................................... 8

*Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Young*,
 No. 91 Civ. 2923, 1994 WL 88129 (S.D.N.Y. Mar, 14, 1994) .............................................. 16

*Meyers v. Textron, Inc.*,
 540 F. App'x 408 (5th Cir. 2013) ............................................................................................. 7

*Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*,
 801 F.3d 530 (5th Cir. 2015) ................................................................................................... 4

*Payne v. Doe*,
 2017 U.S. Dist. LEXIS 49875 (E.D. Va. Mar. 31, 2017) ........................................................ 5

*R.A.G.S. Couture, Inc. v. Hyatt*,
 774 F.2d 1350 (5th Cir. 1985) ............................................................................................... 17

*Reneker v. Offill*,
 No. CIV.A.3:08-CV-1394-D, 2009 WL 3365616 (N.D. Tex. Oct. 20, 2009) ..................... 7, 15

*Reynolds v. Tombone*,
 No. 3:96-CV-3330-BC, 1999 WL 439088 (N.D. Tex. June 24, 1999) ................................... 3

*Risby v. United States*,
 CIV.A.3:04-CV-1414-H, 2006 WL 770428 (N.D. Tex. Mar. 7, 2006) ............................... 2, 3

iii

*SEC v. Northshore Asset Mgmt.*,
   2008 U.S. Dist. LEXIS 36160 (S.D.N.Y. May 5, 2008) ...................................................... 10

*SEC v. Trabulse*,
   526 F.Supp.2d 1008, 1016 (N.D. Cal. 2007) ......................................................................... 10

*Smith v. Cooper/T. Smith Corp.*,
   886 F.2d 755 (5th Cir. 1989) ................................................................................................ 17

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) ................................................................................................ 12

*Strougo ex rel. Brazil Fund v. Scudder, Stevens & Clark, Inc.*,
   964 F.Supp. 783 (S.D.N.Y. 1997) ........................................................................................ 11

*Taylor v. Charter Med. Corp.*,
   162 F.3d 827 (5th Cir. 1998) .................................................................................................. 8

*Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Louisiana, Inc.*,
   37 F.3d 193 (5th Cir. 1994) ............................................................................................... 5, 6

DOCS_NY:43642.3 36027/002

Highland Capital Management, L.P., a defendant in the above-captioned case (the "<u>Debtor</u>" or "<u>Highland</u>"), submits this reply (the "<u>Reply</u>") in support of the *Debtor's Motion to Dismiss the Original Complaint* (the "<u>Motion</u>").

## I.      **PRELIMINARY STATEMENT**

1.      In their response [Docket No. 38] (the "<u>Response</u>"), Plaintiffs attempt to cure the deficiencies in their Complaint by mischaracterizing the facts of the Prior Proceeding and misleading the Court as to the relevant issues.  Plaintiffs contend that their Claims are not barred by *res judicata* or judicial estoppel because (i) the Settlement does not "release" the Claims, and (ii) Plaintiffs were not "successful" and the objections were not decided on the "merits."  That the Settlement does not "release" the Debtor from liability has no bearing on whether the Claims arise from the same core facts as those in the Prior Proceeding.  That Plaintiffs did not succeed on their objections has no relevance to whether Plaintiffs' Claims are inconsistent with positions taken by Plaintiffs during the Settlement hearing.  Plaintiffs' assertion that their state fiduciary claim can be predicated on the Advisers Act fails because (i) there is no duty to CLOH; (ii) a private right of action under the Advisers Act does not exist, and (iii) Plaintiffs fail to allege any state law claim.  Plaintiffs' claim for breach of the Members Agreement fails because the Agreement and Settlement Order, by their plain terms, authorize the Transfer of HCLOF assets.  Plaintiffs' new theory of their breach of contract claim that the Settlement violated the "good faith" clause of the Agreement, and constituted a "sale" to the Debtor because HCMLPI did not "pay" for the HCLOF interests is frivolous.  In support of their negligence and tortious interference claims, Plaintiffs recite the elements thereof, while disregarding the Debtor's arguments for dismissal.  In support of their RICO claim, Plaintiffs restate the same conclusory allegations that are insufficient to support the heightened pleading standard under RICO.  To the extent their RICO claim is premised

1

on securities laws, any such claim fails because RICO forecloses securities fraud as a "predicate" act.

## II.  PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*

### A.  Plaintiffs' Argument that Settlement Does Not "Release" Claims Is Without Merit

2.    Plaintiffs argue that their Claims are not barred because the Settlement Order does not "release" Plaintiffs' Claims. Response at 6-7.  Plaintiffs' citation to *Applewood Chair Co. v. Three Rivers Planning & Dev. Dist. (In re Applewood Chair Co.)*, 203 F.3d 914 (5th Cir. 2000) is misguided.  There, the court addressed whether a plan discharged creditors' claims against guarantors under section 524 of the Bankruptcy Code.  Here, Plaintiffs do not seek to hold guarantors liable for any of the Debtor's debt, and section 524 of the Bankruptcy Code is not at issue.  The relevant question is whether all claims against the debtor Highland were fully and finally resolved, and as set forth below and in the Motion, they were.

### B.  The Settlement Is a Final Order That Resolved the Claims and Issues on the Merits

3.    Plaintiffs' contention that the Settlement Order "overrules objections *en masse* without addressing the merits thereof" is simply false. *See* Response at 7.  The Bankruptcy Court overruled the objections after Plaintiffs had the opportunity to litigate their Claims and withdrew the objection.  Plaintiffs' cite to *Applewood* is inapplicable for the reasons discussed *supra*. Plaintiffs' citation to *Risby v. United States,* CIV.A.3:04-CV-1414-H, 2006 WL 770428 (N.D. Tex. Mar. 7, 2006) is misplaced.  The court found that the government failed to establish that a claim for the return of property was barred by *res judicata* where it "has not demonstrated the finality" of the order at issue, and where the "procedural posture" of such an order was "not clear." *Id.* at *5.  The court found that if the issue was "still pending on remand," or had been previously held as "moot," the judgment "would not be final." *Id.* at *6.  Here, unlike in *Risby*, the Settlement Order is clear and unambiguous.  It is a final order entered after an evidentiary hearing on the

2

proposed Settlement in which CLOH objected and fully participated.    The order is not pending before a court on remand, nor were the issues at hand ever deemed "moot."

4.      Plaintiffs contend that because CLOH's withdrawal of its objection was not "with prejudice," it is not barred by *res judicata*. Response at 8.   Plaintiffs misrepresent the facts. Counsel for CLOH voluntarily withdrew its objection on the record after extensive litigation on the issue.  Plaintiffs' citations to *Chalmers v. Gavin,* No. 3:01–CV–528–H, 2002 WL 511512, at * 3 (N.D. Tex. Apr. 2, 2002) and *Reynolds v. Tombone*, No. 3:96-CV-3330-BC, 1999 WL 439088, at *2 (N.D. Tex. June 24, 1999) are inapplicable.  In *Chalmers*, the court held that *res judicata* did not bar plaintiff from litigating his state law claims brought in a prior civil rights action where the court "explicitly dismissed" the claim "without prejudice to [p]laintiff refiling his complaint after the Texas courts had been given an opportunity to address the state law issues raised in the complaint." 2002 WL 511512, at * 3.  In *Reynolds*, the court held that *res judicata* did not bar an indigent plaintiff's motion for return of property where it was "not adjudicated on the merits" and was dismissed without prejudice pending compliance with the *in forma pauperis* provisions pertaining to prisoner litigation."  *Id.* at *12 and n.5.

5.      Plaintiffs' contention that the bankruptcy court generally has "*discretion*" to "overrule an objection," Response at 8, is irrelevant, as are the cases Plaintiffs rely on in support thereof.  They involve direct appeals of 9019 settlements, where the reviewing court simply notes the standard by which the bankruptcy court generally reviews such settlements. *See Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 541 (5th Cir. 2015) (reviewing direct appeal of a 9019 settlement for abuse of discretion, noting that "[i]n evaluating a Rule 9019 settlement, a bankruptcy court *need not* 'conduct a mini-trial to determine the probable outcome of any claims waived in the settlement.' [] The bankruptcy court must 'apprise [itself] of

the relevant facts and law so that [it] can make an informed and intelligent decision.'".[1]  None of these cases are relevant to Plaintiffs' argument that their Claims are not barred by *res judicata*.

6.      When evaluating the Settlement, the Bankruptcy Court determined that the Settlement was fair and reasonable and in the best interest of the estate.  The Bankruptcy Court was presented with evidence regarding the merits of the Claims asserted by HarbourVest and the value of the assets being conveyed to the estate.  At no point did Plaintiffs raise the contention that if the Debtor performed pursuant to the Settlement, they would sue the Debtor for its conduct, giving rise to the possibility of a large administrative claim.  To the extent there were any valid claims (there are not), the Bankruptcy Court may have made a different determination with respect to the Settlement.  Plaintiffs sat on their hands until months after the Settlement Order was entered and now attempt to retroactively gut the value of the Settlement.  This gamesmanship is improper and is foreclosed by *res judicata*.

C.      **The Bankruptcy Court Possessed Jurisdiction to Hear the Claims**

7.      Plaintiffs contend without any legal support that the Bankruptcy Court lacked the power under 28 U.S.C. § 157(d) to hear the Claims.  *See* Response at 9-10.  Plaintiffs request that if the Court finds that, in accordance with the *Debtor's Motion for an Order to Enforce the Order of Reference* [Docket No. 22], "mandatory withdrawal applies, then it cannot find that the bankruptcy court's [] final judgment was rendered on Plaintiffs' causes of action and had jurisdiction to do so." *Id.*  Plaintiffs conflate two separate issues pending before this Court:  (i) whether the Complaint should be mandatorily withdrawn from this Court pursuant to 28 U.S.C. § 157(a), and (ii) whether the Claims in the Complaint are barred by *res judicata*.  The concept of

---

[1] *See also In re Alfonso*, No. 16-51448-RBK, 2019 WL 4254329 (Bankr. W.D. Tex. Sept. 6, 2019) (same); *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995) (same).

mandatory withdrawal has nothing to do with this Motion, and Plaintiffs' arguments with respect to same should be summarily rejected by the Court.[2]

## D.   The Claims Arise from the Same Common Nucleus of Operative Facts as Those Raised in the Prior Proceeding

8.     Plaintiffs argue that this lawsuit and the matters adjudicated in the motion to approve the Settlement do not arise from the same nucleus of operative facts. Plaintiffs assert that a "different legal duty is implicated" in the current action than in the Prior Proceeding, Response at 10, but offer no support for this contention other than one case, *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Louisiana, Inc.*, 37 F.3d 193, 196 (5th Cir. 1994), which is inapposite. *Travelers* dealt with Louisiana's "entity theory of partnership," and whether a creditor's claim against a partner for his share of a judgment against the partnership arises out of the same nucleus of operative facts as the partnership's debt. *Id.* at 196. In holding that that *res judicata* did not bar an action to collect against the partner, the court reasoned that the claim "does not rest on an identical obligation" where the creditor was not pursuing a new theory of recovery or seeking to "relitigate" any issues raised in the prior proceeding, but instead, "sought merely to collect a pre-existing judgment in its favor." *Id.* Here, by contrast, Plaintiffs do not seek to bring claims against the Debtor to collect on a pre-existing judgment. Plaintiffs seek to relitigate the same Claims and issues raised in the Prior Proceeding, including whether Plaintiffs held a valid right of first refusal, a specious argument they asserted and then withdrew after they were shown it was baseless.

9.     Plaintiffs also assert a due process argument that is nothing short of frivolous. They contend that they "only" had "22 days" to bring the Claims and that this is a violation of their "due

---

[2] The Court should first decide the *Debtor's Motion for an Order to Enforce the Order of Reference* because if it grants that motion, this Motion will properly be before the Bankruptcy Court. *See Payne v. Doe*, 2017 U.S. Dist. LEXIS 49875, at *4-5 (E.D. Va. Mar. 31, 2017) ("[M]andatory abstention argument is addressed first [before *res judicata*] because in the event mandatory abstention is warranted, it is unnecessary to reach or decide the remaining issues.")

process rights." Response at 11-12.  The Debtor does not argue that Plaintiffs should have brought the Claims *prior* to the Settlement hearing.   Rather, the Debtor argues in its Motion that the Claims arise from the same common nucleus of operative facts as those claims and issues raised during the Prior Proceeding and are thus barred by *res judicata*. Motion ¶¶ 15-22.  The valuation issues asserted in the Complaint were central to the Prior Proceeding through objections, motion practice, testimony, and extensive discovery.  *See id.* ¶ 20; *see also* Complaint ¶ 34 ("HCM rationalized the settlement value by allocating $22.5 million of the net value of the $45 million in unsecured claims as consideration to purchase HarbourVest's interests in HCLOF"); *id.* ¶ 43 ("Seery testified that the fair market value of the HarbourVest HCLOF interests was $22.5 million").  Plaintiffs' citation to *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172 (5th Cir. 1987), in support of their due process argument provides no support.  There, the court found that a party was not prohibited from bringing an action where, in the prior suit, they did not "control" the litigation and their interests were not "adequately" represented. *Id.* at 1174-75.   Unlike in *Benson,* Plaintiffs fully participated in, and had control over their role in, protecting their interests throughout the Settlement hearing where the very same matters were adjudicated.[3]

10.     Plaintiffs' position that the "first time" they learned about the valuation of the HLCOF interests was during the Settlement hearing is demonstrably false.  The Settlement Agreement disclosed (i) the valuation and (ii) the method of valuation. *See* Appx. 2, 3.  Plaintiffs were aware of the core facts underlying their current Claims throughout the Prior Proceeding and had a full and fair opportunity to investigate and litigate them.  This is precisely the type of situation contemplated by the doctrine of *res judicata*. *In re Paige*, 610 F.3d 865, 874 (5th Cir.

---

[3] For these same reasons, Plaintiffs' statute of limitations argument is of no moment, *see* Response at 11-12, and should be summarily disregarded by the Court.

2010); *Hall v. Hodgkins*, 305 Fed.Appx. 224, 229 (5th Cir. 2008).[4]  The Claims and issues arise

from the same nucleus of operative facts as those raised in the Prior Proceeding and are foreclosed

*by res judicata*.

### III     PLAINTIFFS' CLAIMS ARE BARRED BY JUDICIAL ESTOPPEL

11.     Plaintiffs maintain that the Debtor "has not met its burden" of showing that the

Claims are barred by judicial estoppel because (i) there has been "no decision on the merits" on

Plaintiffs' Claims, and (ii) "withdrawing an objection and then raising the argument later" does

not constitute an "inconsistent position" and Plaintiffs were "clearly not successful" on the

objection.  Response at 13.   Plaintiffs' arguments are without merit.

12.     Both prongs of judicial estoppel are satisfied here. *In re Coastal Plains Inc.*, 179

F.3d 197, 206 (5th Cir. 1999)*.*   Plaintiffs' Claims are clearly inconsistent with the positions

Plaintiffs assumed during the Prior Proceeding.  During the Settlement hearing, Plaintiff CLOH

expressly stated on the record that it withdrew its objection premised on the alleged "Right of First

Refusal" under the Members Agreement after it "had an opportunity to review the reply briefing"

and based on its "analysis" of applicable law. Appx. 9 at 7:20-8:6.  Plaintiffs' current Claim for

breach of contract is premised on this same "Right of First Refusal" under the Members

Agreement. Complaint ¶ ¶ 92-102.  Plaintiffs offer no legal basis in support of the notion that

because they "withdrew an objection" during a hearing, this somehow does not constitute an

---

[4] Plaintiffs argue that the Court should "refuse" to take judicial notice of the Record. Response at 11, n. 2.  In deciding whether claims are barred by *res judicata* on a 12(b)(6) motion, it is proper for the Court to consider the Record submitted by the Debtor.  *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013).  Plaintiffs' case cites are misplaced. *Reneker v. Offill*, Civil Action No. 3:08-CV-1394-D, 2010 U.S. Dist. LEXIS 38526, at *12 (N.D. Tex. Apr. 19, 2010) did not involve a 12(b)(6) motion premised on *res judicata*.  The court held that where *facts in dispute*, "courts must limit their inquiry to the facts stated in the complaint."  Here, for purposes of the Motion, the Debtor does not dispute the facts alleged in the Complaint.  The Debtor relies on public documents to show the four elements of *res judicata*.  Plaintiffs' cites to *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) and *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998) are distinguishable for these same reasons.

7

"inconsistent" position if this same issue is raised in a subsequent proceeding.   This is the type of "self-contradiction" and forum shopping that the doctrine of judicial estoppel is designed to prevent. *In re Save Our Springs (S.O.S.) All., Inc.*, 393 B.R. 452, 458 (Bankr. W.D. Tex. 2008) (judicial estoppel barred party from bringing position where party "expressly" assumed contradictory position "on the record" in a prior hearing); *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003).

13.     The Bankruptcy Court accepted Plaintiffs' withdrawal of its objection premised on the Members Agreement.   This was a central issue in the Prior Proceeding. Appx. 6 ¶¶ 3, 6, 9-22; Appx. 7 at 140:7-25.   The Bankruptcy Court expressly stated that such a withdrawal "eliminates one of the major arguments" related to the proposed Settlement. Appx. 9 at 8:1-10; *Save Our Springs*, 393 B.R. at 460 (bankruptcy court accepted party's position in prior proceeding where "a significant amount of the Court's time and attention" at the hearing "were devoted to resolving the issues" raised by that party).   The Order explicitly authorized the transfer of the HCLOF assets because of concerns that Mr. Dondero and his entities would "go to a different court somehow to challenge the transfer." Appx. 9 at 156:19-20.   Plaintiffs' argument that it was not "successful" on its objection has no bearing on judicial estoppel. *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999); *Hall*, 327 F.3d at 398.   The Claims are barred by the doctrine of judicial estoppel.

## IV.      PLAINTIFFS FAIL TO STATE CLAIMS FOR RELIEF

### A.      Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty

14.     There is no duty owed to CLOH.  Rule 206 of the Advisers Act creates a fiduciary duty to an investment adviser's "client" (*i.e.* a counterparty to the investment management agreement) but not an underlying investor in the "client." *Goldstein v. SEC*, 451 F.3d 873,

881(D.C. Cir. 2006).[5]  The Debtor has never had a management agreement with CLOH; CLOH is a shell entity through which DAF invested in HCLOF.  The Debtor does not "owe[] a fiduciary duty to [CLOH] as an investor in HCLOF [i.e., the "client"]." Complaint ¶ 62.

15.   Plaintiffs acknowledge that there is no private right of action under the Advisers Act for breach of duty. Response at 16.  As a fallback, they attempt to manufacture a breach of fiduciary duty claim under Texas state law premised on an imagined duty imported from the Advisers Act, but they offer no credible legal support thereof.  Plaintiffs broadly contend that "[u]nder Texas law, an investment advisor / advisee client relationship is considered a formal fiduciary relationship because it is a principal and agent relationship." Response at 16.  This does not address Plaintiffs' argument that such a state-law claim can be premised specifically on the Advisers Act.  Plaintiffs' citation to *Accord Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 238 F. Supp. 3d 799, 851 (S.D. Tex. 2017) lends no support for their argument either.  That case dealt with federal claims–not state law claims–and fiduciary duties owed by investment *brokers*–not investment advisors. *See id.*

16.   Plaintiffs' cite to *Laird v. Integrated Res.*, 897 F.2d 826, 834 (5th Cir. 1990), Response at 16, is also misplaced.  *Laird* involves federal claims under RICO, the Advisers Act, and the SEC, but not state-law fiduciary claims.  Plaintiffs mischaracterize *Douglass v. Beakley*, 900 F. Supp. 2d 736, 751-52, n.16 (N.D. Tex. 2012) in support of their argument that "although the Advisers Act does not itself create a cause of action, it is still actionable through state law fiduciary claims." Response at 16.   In *Douglass*, the court held that a plaintiff stated a state law fiduciary claim because they adequately pled such a claim under state law, not because it was

---

[5] *See also SEC v. Northshore Asset Mgmt.*, 2008 U.S. Dist. LEXIS 36160, at *18-20 (S.D.N.Y. May 5, 2008); *SEC v. Trabulse*, 526 F.Supp.2d 1008, 1016 (N.D. Cal. 2007).

premised on the Advisers Act. *See id.* at 751-52.  The court noted that *Transamerica* set forth the "federal fiduciary standards" under the Advisers Act, *see id.* at 751-52, n.16, but did not state that the state law fiduciary claim was "predicated on the Advisers Act." Response at 16-17.  Here, unlike in *Douglass*, Plaintiffs fail to adequately plead a state-law claim for breach of fiduciary duty. [6]

17.     Plaintiffs fail to plausibly allege breach of fiduciary duty premised on either state or securities laws.   Plaintiffs' conclusory allegations regarding its state law claim fail to sufficiently allege the: (1) nature of the fiduciary relationship; (2) the breach; and (3) any actual injury to Plaintiffs as a result of any purported breach. Complaint ¶¶ 5-91. *In re ATP Oil & Gas Corp.*, 711 Fed. App'x 216, 221 (5th Cir. 2017).  Plaintiffs' allegation of damages in the form of lost opportunity, *see* Complaint ¶ 88, is equally deficient. *See Little v. KPMG LLP*, No. SA-07-CA-621-FB, 2008 WL 576226, at *5 (W.D. Tex. Jan. 22, 2008) (rejecting damages claim consisting of "lost profits they would have received" had they know about the conduct at issue, noting that allegations are "speculative and conjectural.")  To the extent Plaintiffs' fiduciary claim is premised on fraud, Plaintiffs necessarily fail to satisfy the heightened pleading standard required under Rule 9(b).  The allegations fail to state with particularity the specific omissions by the Debtor, nor do they give rise to any "strong inference of scienter" or deceptive motive on the part of the Debtor.   Plaintiffs' vague allegations regarding the Debtor's "diversion of corporate

---

[6] Plaintiffs' remaining cites are unhelpful. *See Strougo ex rel. Brazil Fund v. Scudder, Stevens & Clark, Inc.*, 964 F.Supp. 783, 799 (S.D.N.Y. 1997), (plaintiff sufficiently plead a state-law fiduciary claim under Maryland law; not because claim arose from Advisers Act); *Goldenson v. Steffens*, No. 2:10-cv-00440-JAW, 2014 U.S. Dist. LEXIS 201258, at *137 (D. Me. Mar. 7, 2014) ("at a *conceptual* level, it is *possible* that the IAA could create a fiduciary duty); *State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 12 (applying NM law where there was contract between parties); *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 502-06 (3d Cir. 2013) (applying PA law: "[w]e need not resolve whether the Investors' fiduciary claims can properly be brought as a matter of state law"). Contrary to Plaintiffs' contention, Rule 206(4)-8 of the Advisers Act "does not create under the Advisers Act a fiduciary duty to investors or prospective investors in a pooled investment vehicle not otherwise imposed by law" or "a private right of action." Inv. Adv. Act Rel. No. 2628 (Aug. 3, 2007).

opportunity" is insufficient. *See Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 368 (5th Cir. 2004) (plaintiff must plead "more than allegations of motive and opportunity to withstand dismissal" for claim of securities fraud).

**B.** **Plaintiffs Fail to State a Claim for Breach of Members Agreement**

18.     Plaintiffs note that Sections 6.1 and 6.2 of the Agreement "allow sales by members of their interests in HCLOF to 'affiliates' of Members, but not members themselves, without certain conditions precedent." Response at 23.  Plaintiffs fail to address the fact that the Settlement Order explicitly authorized the transfer of the interests to "a wholly-owned and controlled subsidiary of the Debtor" "without the need to obtain the consent of any party or to first offer such interests to any other investor in HCLOF." Appx. 10 ¶ 6.  Moreover, the "conditions precedent, *i.e.*, that "other members have to be afforded the right to purchase their pro-rata portion," do not apply in these circumstances.  Pursuant to Section 6.2 of the Members Agreement, the "Right of First Refusal" does <u>not</u> apply where the Transfer of the HCLOF interests is to "affiliates of an initial Member" from Members other than CLOH. Appx. 13.  This is exactly what is contemplated by the Settlement and authorized by the Bankruptcy Court.  HarbourVest transferred its interest in HCLOF to the HCMLPI, an "Affiliate" of the Debtor, an "initial Member."  In contending that (i) such an argument is "outside the scope of a 12(b)(6)" motion and (ii) the Transfer was made in "bad faith," Response at 23-24, Plaintiffs willfully ignore the express ruling of the Bankruptcy Court.  The Debtor's argument that the Members Agreement was not violated is well within the scope of the Debtor's 12(b)(6) Motion.   The terms of the Settlement Order and Members Agreement are appropriately considered by the Court in assessing the Motion because: (i) they were referenced in the Complaint, (ii) they are central to Plaintiffs' Claims, and (iii) the Debtor attached them to the Motion. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

11

19.     Plaintiffs argue for the first time in their Response that HCMLPI "was not a party to" the Settlement and "did not pay for those interests," and that the Settlement "constitutes a sale to *Highland*," in violation of the "good faith" clause of the Members Agreement. Response at 24. This is nonsense.  There is no basis to argue that the Debtor violated the "good faith" clause by complying with a federal court order.  Pursuant to the Settlement Order, HarbourVest transferred its interests in HCLOF to HCMLPI, consistent with the Members Agreement.  Plaintiffs fail to offer any legal or factual basis in support of their newly asserted theory of their breach of contract claim.  Based on the clear and unambiguous terms of the Members Agreement and Settlement Order, Plaintiffs' claim for breach of the Members Agreement fails as a matter of law.

20.     Plaintiffs fail to sufficiently allege damages.  Damages in the form of lost profits must be plead with "reasonable certainty." *Baumstimler v. Rankin*, 677 F.2d 1061, 1072 (5th Cir. 1982).[7]  Plaintiffs' cite to *Basic Capital Mgmt. v. Dynex Commer., Inc.*, 402 S.W.3d 257, 268 (Tex. App.—Dallas 2013) is distinguishable.  There, the court held that the evidence supported an award for lost opportunity resulting from a lender's breach of a commitment to provide investors with $160 million in financing to purchase commercial properties, where, as a result of such breach, the trusts could no longer purchase those properties because they did not have financing. *Id.* at 266-77.  Here, unlike in *Basic Capital*, there was no contract between Plaintiffs and the Debtor pursuant to which the Plaintiffs were to purchase the HCLOF interests.  Plaintiffs' contention that "had plaintiff been allowed to do so, it would have obtained the interests" in HCLOF, Complaint. ¶ 100, is precisely the type of conclusory allegation of lost profits rejected by courts. *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-CV-2410-G, 2017 WL 3086035, at

---

[7] *See also Little*, 2008 WL 576226, at *5.

*4 (N.D. Tex. July 20, 2017) (allegations of "lost business" and "lost income" fail "to allege the damages [] suffered with any specific factual support.")

### C.   Plaintiffs Fail to State a Claim for Tortious Interference with Contract

21.     Plaintiffs maintain that since the Debtor's "entire premise" for dismissing Plaintiffs' tortious interference claim is "predicated on the non-existence of an enforceable contract," this claim survives. Response at 25.  The Debtor does not premise its dismissal of this claim on the non-existence or enforceability of the Members Agreement.  The Debtor argues that the claim for tortious interference with contract should be dismissed precisely because Plaintiffs: (i) "fail to sufficiently allege how the Debtor intentionally interfered with the Members Agreement," (ii) "fail to allege proximate causation," or (iii) "actual damages," and (iv) have admitted in court that the Settlement did not violate the Members Agreement. Motion at 25-25.

### D.   Plaintiffs Fail to Plead a Claim for Negligence

22.     Plaintiffs recite the elements of a negligence claim, stating that the Debtor has waived its argument for dismissal thereof because "it has not shown which elements have not been met." Response at 25.   In its Motion, the Debtor argues that Plaintiffs' negligence claim is deficient regarding "duty" and "proximate cause." Motion at 24.  Plaintiffs' allegations of a long chain of attenuated events surrounding the Settlement which they contend "proximately" caused their harm are too speculative to show that the Debtor's actions were the "cause in fact" or "substantial factor" in bringing about any injury. *Reneker*, 2009 WL 3365616, at *6 (dismissing negligence claim where allegations of "proximate cause" "depend on an attenuated chain of causation which speculates," as to uncertain events).

### E.   Plaintiffs Fail to State a Claim under RICO

23.     Plaintiffs contend they adequately pled a pattern of racketeering activity through (i) "wire and mail fraud," and (ii) violations of the securities laws, including the Advisers Act.

13

Response at 28-31.  Plaintiffs list a series of allegations, only a few of which even mention the terms "wires" and "mails." *Id.* at 28-29.  These are the same conclusory allegations that fail to meet the heightened pleading standard under RICO. Motion at ¶ 29.  Plaintiffs fail to plead with particularity: (ii) the specific acts of communication by mail or interstate wire undertaken by the Debtor in furtherance of the alleged fraudulent scheme, or (ii) details about the contents of any of these alleged communications, when they were made, to whom, or where they were directed. Complaint ¶¶ 113-33; *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Young*, No. 91 Civ. 2923, 1994 WL 88129, at *11 (S.D.N.Y. Mar, 14, 1994).  Plaintiffs fail to plead a "pattern" of any alleged racketeering activity because there is no specific "threat of repetition" or threat or long-term criminal conduct.  Plaintiffs complain of a single transaction—the transfer of interests as part of the Settlement.  There is nothing to support the allegation that the Debtor "operates as part of a long-term association that exists for criminal purposes." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  The allegations concern short-term conduct from September 2020 to January 2021 leading up to one discreet activity—the Settlement.  Plaintiffs' allegations premised on wire or mail fraud fail to meet the heightened pleading standard in support of a RICO claim.  *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).[8]  Moreover, RICO prohibits securities fraud as a predicate act.  18 U.S.C.A. § 1964(c).  Plaintiffs allege as predicate acts the violation of securities laws and the Advisers Act in connection with a sale of a security, Complaint ¶¶ 131-33, and the RICO claim should also be dismissed on this basis. *Affco Invs. 2001, L.L.C. v. Proskauer Rose, L.L.P.*, 625 F.3d 185, 191 (5th Cir. 2010).

---

[8] *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350 (5th Cir. 1985) is misguided; a plaintiff sufficiently alleged "two acts of mail fraud" in the complaint. *Id.* at 1354.  Here, the allegations do not allege *any* predicate acts under RICO. *R.A.G.S* was also overturned by *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 235 (1989); *see also Smith v. Cooper/T. Smith Corp.*, 886 F.2d 755, 756 (5th Cir. 1989).

14

24.     Plaintiffs fail to rebut the argument that they fail to allege an "association in fact." They argue that: (i) HCLOF is a vehicle "run by HCFA and Highland;" (ii) the association was "ongoing" since 2017; and (iii) they "functioned as a continuing unit given their hierarchical" structure. Response at 25.   The allegations fail to show that Defendants existed as a continuing unit separate from the alleged RICO violations or identify the roles of each of the entities and how each participated in the alleged enterprise.   Plaintiffs' cite to *Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) is inapposite.   There, the plaintiff plead an "association-in-fact" enterprise where the allegations show that the venture existed "*separate and apart* from the pattern of racketeering." *Id.* at 205.   Here, Plaintiffs allege the opposite—that the "purpose of the association-in-fact" was the perpetuation of the alleged racketeering activity. Complaint ¶¶ 115-17.   Plaintiffs also fail to plead causation or damages.   Allegations that Plaintiffs "would have paid cash" for the HCLOF interests are premised on a series of attenuated events that are too speculative to support a RICO claim. *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 802 F. Supp. 2d 725, 729 (E.D. La. 2011).[9]

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court (i) grant its Motion and enter an order in the form annexed to the Motion as **Exhibit A**, and (ii) grant any further relief as the Court deems just and proper.

---

[9] *See also In re Taxable Mun. Bond Sec. Litig,* 51 F.3d 518, 523 (5th Cir.1995); *Steele v. Hospital Corp. of Am.*, 36 F.3d 69, 70 (9th Cir.1994).

DOCS_NY:43642.3 36027/002

Dated:  July 13, 2021                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

16