IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHARITABLE DAF FUND, L.P. <br> and CLO HOLDCO, LTD., <br> *directly and derivatively,* <br><br> *Plaintiffs,* <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT, <br> L.P., HIGHLAND HCF ADVISOR, LTD., <br> and HIGHLAND CLO FUNDING, LTD., <br> *nominally,* <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CAUSE NO. 3:21-cv-00842-B |

## MOTION TO STRIKE REPLY APPENDIX

Plaintiffs Charitable DAF Fund, L.P., and CLO Holdco, Ltd. submit this Motion due to Defendant Highland Capital Management's filing of an **852-page** appendix [Doc. 43] with its reply brief. Reply appendices require leave of Court, which Defendant did not seek. *See Jackson v. Triumph Aerostructures, LLC*, No. 3:15-CV-0535-B, 2016 U.S. Dist. LEXIS 123579 (N.D. Tex. Sep. 12, 2016) (Boyle, J.) (noting that leave is required before filing a reply appendix and that not obtaining leave is ordinarily grounds for striking the appendix); *see also Galderma Labs., L.P. v. Actavis Mid Atl.LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, *1 (N.D. Tex. July 23, 2008) (unpublished) (quoting *Weber v. Merrill Lynch Peirce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006), for the proposition, "[i]t is well settled that the reply brief may not contain new evidence.").

There are few exceptions to this rule, and none that could apply to Defendant's **852-page** filing. *Cf. U.S. Bank v. Richardson*, Civil Action No. 3:17-CV-2271-L (BT), 2020 U.S. Dist.

LEXIS 255906, at *5 n.4 (N.D. Tex. June 1, 2020) (refusing, on stay motion, to consider evidence the defendants "submitted for the first time in support of their reply, as it was filed without leave of court," reasoning that, "it is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence," and noting that "leave to file new evidence in support of a reply is rarely granted"); *State Auto. Mut. Ins. Co. v. Freehold Mgmt.*, Civil Action No. 3:16-CV-2255-L, 2019 U.S. Dist. LEXIS 55052 at *89 n.14 (N.D. Tex. Mar. 2019) (refusing to consider reply appendix in support of motion to strike expert testimony); *Burch v. Chase Bank of Tex. NA*, Civil Action No. 4:20-cv-00524-O, 2021 U.S. Dist. LEXIS 17946 at *1-2 (N.D. Tex. Jan. 15, 2021) ("The purpose of a reply brief under local rule 7.1(f) 'is to rebut the nonmovant['s] response, thereby persuading the court that the movant is entitled to the relief requested by the motion . . . . Consequently, a court generally will not consider arguments raised for the first time in a reply brief."). Moreover, any issue Defendant failed to brief "in its opening brief . . . is waived and should not be considered." *Id*. at *2.

Here, Defendant submitted an 852-page appendix with its reply after submitting a **926-page** appendix with its motion (and **505 pages** in an appendix accompanying a contemporaneously filed motion to dismiss). Defendant filed its reply appendix without leave of Court, and without requesting leave. Plaintiffs object. Under the Local Rules, Plaintiffs are without an opportunity to respond to this improper submission of evidence or the new arguments that submission purports to bolster. Allowing the filing would therefore cause substantial prejudice to Plaintiffs. It should not be allowed.

In the alternative—and only in the alternative—Plaintiffs request leave to submit a supplemental response brief. Given the volume at issue, a few days to submit a short sur reply

would not suffice. Defendant's voluminous submission can only, fairly, be considered an amended motion (an untimely one at that). If allowed, Plaintiffs should have a full opportunity to respond with full briefing and with evidence of their own.

Dated: July 15, 2021

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/  Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
     jeb@sbaitilaw.com

**Counsel for Plaintiffs**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 15, 2021, I conferred with counsel for Highland Capital Management, L.P., who informed me that he is opposed to the relief sought in this Motion.

*/s/ Jonathan Bridges*
Jonathan Bridges