Paul R. Bessette
Texas Bar No. 02263050
500 West 2nd St., Suite 1800
Austin, TX 78701-4684
(512) 457-2000 (phone)
(512) 457-2100 (fax)
pbessette@kslaw.com

Jonathan W. Jordan
Texas Bar No. 00784360
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
jjordan@kslaw.com

*Counsel for Highland CLO Funding, Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **CHARITABLE DAF FUND, L.P.,** and **CLO HOLDCO, LTD.**, *directly and derivatively,*<br><br>PLAINTIFFS,<br><br>v.<br><br>**HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD.,** and **HIGHLAND CLO FUNDING, LTD.,** Nominally,<br><br>DEFENDANTS. | § § § § § § § § § § § § § § § § § | Case No. 3:21-cv-00842-b |

**HIGHLAND CLO FUNDING, LTD.'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
AND JOINDER IN MOTION TO DISMISS
<u>OF HIGHLAND CAPITAL MANAGEMENT, L.P.</u>**

Highland CLO Funding, Ltd. ("HCLOF") submits this brief in support of its motion to dismiss the complaint of plaintiffs Charitable DAF Fund, L.P. ("DAF") and CLO Holdco, Ltd. ("CLO Holdco," and with DAF, "Plaintiffs")  [ECF No. 1] (the "Complaint") as against HCLOF, and joinder with the motion of Highland Capital Management, L.P. ("HCM") to dismiss this case

[Docket No. 26] (the "HCM Motion to Dismiss").

# INTRODUCTION

The Complaint alleges no wrongful conduct, breach of contract, or statutory liability against HCLOF. It pleads for no legal or equitable relief against HCLOF. Count II (breach of contract) names HCLOF in the caption, but does not allege that HCLOF breached any contract. The other counts (breach of fiduciary duty, negligence, RICO, and tortious interference) do not name HCLOF, and like Count II, they do not allege that HCLOF did anything wrong. With no allegations against HCLOF, HCLOF is entitled to dismissal for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

To the extent that Count I (breach of fiduciary duty) pleads for relief against defendants HCM and Highland HCF Advisor, Ltd. ("HCFA") as a result of acts that harmed HCLOF (*i.e.,* shareholder derivative claims), Plaintiffs have not pleaded a predicate for derivative standing. HCLOF is a separate entity formed in Guernsey and controlled by independent directors. Under Guernsey law, derivative standing requires that the alleged wrongdoers (HCM and HCFA) control the company they harmed (HCLOF). The Complaint is deficient because Plaintiffs do not allege that HCM or HCFA are authorized to make decisions to sue or not sue on behalf of HCLOF, as required for derivative standing. Moreover, HCLOF has not been harmed; Plaintiffs' claim that HCM or HCFA exposed HCLOF to "massive liability" to Harbourvest is unfounded, as Harbourvest has released HCLOF from any such claims. Plaintiffs are not alleging derivative claims on behalf of HCLOF, but instead are alleging direct claims by either Harbourvest or Plaintiffs against HCM or HCFA.

Additionally, this Court lacks personal jurisdiction over HCLOF for purposes of litigating Plaintiffs' claims. HCLOF is a Guernsey company whose two directors transact substantially all of its business from Guernsey. It did not conduct activities in Texas and the Complaint alleges no

2

conduct by HCLOF within Texas (or the United States). The Court should dismiss the Complaint as to HCLOF for failure to establish personal jurisdiction.

No one benefits by keeping HCLOF in this case. It is not alleged to have done anything wrong, and HCLOF's presence is unnecessary for the fiduciary duty, contract, RICO, negligence and tortious interference claims Plaintiffs allege against HCM and HCFA. To the contrary, Plaintiffs suffer from forcing HCLOF to spend money on this case, because Plaintiffs are 49 percent shareholders of HCLOF.

Finally, subject to and without waiver of its personal jurisdiction defense, HCLOF also joins in the HCM Motion to Dismiss and incorporates the arguments set forth in HCM's memorandum of law supporting the HCM Motion to Dismiss [Docket No. 27] and related filings.

## ARGUMENT

**I.     The Complaint Should Be Dismissed Against HCLOF Under Rule 12(b)(6) Because It Does Not Allege any Claims Against HCLOF or Request Relief From HCLOF.**

The Complaint requests no legal or equitable relief against HCLOF. Its prayer for relief lies against "Defendants," a term the Complaint defines to include defendants HCM and HCFA, but not HCLOF. As will be seen, none of the allegations in the Complaint's five counts purport to assert, or otherwise give rise to, liability as against HCLOF.

In Count I (breach of fiduciary duty), the Complaint alleges that "Defendants" (defined as HCM and HCFA, not HCLOF) and potential defendant James P. Seery, Jr. ("Seery") breached fiduciary duties owed to DAF and CLO Holdco (Count I, paragraphs 56, 67). Nowhere does the Complaint allege that HCLOF breached a fiduciary duty.

Count II (breach of contract) indicates in its title that it is "by Holdco against HCLOF, HCM and HCFA," but its factual allegations claim only that "Defendants" (again, defined to

exclude HCLOF) failed to offer CLO Holdco a pro rata share of Harbourvest's interests in HCLOF (Count II, paragraphs 96, 99). HCLOF is not alleged to have breached any contract.

Count III (negligence) indicates in its title that it lies "against HCM and HCFA." It alleges that Seery, HCFA and HCM were negligent (Count III, paragraphs 104-106) and that "Defendants" (defined to exclude HCLOF) were negligent and caused harm to CLO Holdco (Count III, paragraph 111).

Count IV (RICO) indicates in its title that it lies "against HCM." It alleges that HCM, HCFA, and Seery committed RICO violations, including federal wire fraud, mail fraud, bankruptcy fraud, and securities fraud (Count IV, paragraphs 117, 120). HCLOF is not alleged to have committed any RICO predicate acts.

Count V (tortious interference) also indicates in its title that it lies against HCM. It alleges that HCM, through Seery, tortuously interfered with CLO Holdco's contractual rights (Count V, paragraphs 138-39). It does not allege any wrongful conduct by HCLOF (Count V, paragraph 141).

With no claims against HCLOF, HCLOF is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).

**II.    The Complaint Should Be Dismissed Against HCLOF Under Rule 12(b)(6) Because Plaintiffs Lack Derivative Standing to Sue for Breach of Fiduciary Duty.**

Although the thrust of Count I (breach of fiduciary duty) alleges a direct fiduciary relationship between HCM and DAF pursuant to a Restated Investment Advisory Agreement and federal securities law, Complaint paragraphs 78, 80, 81, and 83 vaguely allege that HCM, HCFA and/or Seery committed corporate waste, self-dealing and diversion of a corporate opportunity that harmed HCLOF. These claims are held by HCLOF against its fiduciaries and can only be brought by Plaintiffs if they properly plead derivative standing to bring such claims.

4

A derivative claim alleges harm to the corporation, such that all shareholders are equally harmed in their capacities as shareholders. *See, e.g., Smith v. Waste Mgt. Inc.,* 407 F.3d 381, 384 (5th Cir. 2005) (test for derivative claim is "Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?"). This principle applies under Guernsey law, the law governing HCLOF. *See, e.g., Jackson v. Dear and Others* (2013) 10/2013, 26 March 2013 ¶ 6 ("[W]here a company suffers loss as a result of an actionable wrong done to it, the cause of action is vested in the company and the company alone can sue."). (Appendix Exhibit A)

### A. Under Guernsey Law, Plaintiffs Lack Standing to Bring a Derivative Claim for Alleged Wrongs Suffered by HCLOF.

Courts within the Fifth Circuit and elsewhere analyze standing as a matter of substantive law of the state of incorporation. *See, e.g., In re Parkcentral Global Litigation,* 884 F.Supp. 2d 464, 471-72 (N.D. Tex. 2012) (Lynn, J.) (analyzing derivative standing under Delaware law); *Schwartz v. TXU Corp.*, 2005 WL 3148350 (N.D. Tex. 2005, remanded on other grounds, 162 Fed. Appx. 376) (5th Cir. 2006)) (Kinkead, J.) (analyzing derivative standing under Texas law).

As the Complaint correctly states, HCLOF is organized under the laws of the Bailiwick of Guernsey. Complaint, ¶ 5. Guernsey law provides, "[W]here a company suffers loss as a result of an actionable wrong done to it, the cause of action is vested in the company and the company alone can sue." *Jackson v. Dear*, *supra*. To qualify for an exception to this longstanding Guernsey rule, a plaintiff must establish that the wrongdoers remain in control—that is, that wrongdoer control of the company prevented the company from bringing the lawsuit in its own name. *Jackson v. Dear, supra* ("The two basic requirements at common law for a derivative action were: (i) that the alleged wrong or breach of duty was by a director and was incapable of being ratified by a simple majority of the members (*e.g.* a fraudulent breach by a director or the deliberate misappropriation of

5

company assets, but not a bona fide misuse of powers or an incidental profit making); and (ii) that the alleged wrongdoers are in control of the company, so that the company, which is the 'proper plaintiff cannot claim by itself."). *See also Prudential Assurance Co. Ltd. v. Newman Industries Ltd.* (No. 2) [1982], 1 All E.R. 354, 366-67, [1982] Ch. 204, 211 ("There is an exception to the rule where what has been done amounts to fraud and the wrongdoers are themselves in control of the company…. The reason for this is that, if they were denied that right, their grievance could never reach the court because the wrongdoers themselves, being in control, would not allow the company to sue."). (Appendix Exhibit B)

Plaintiffs do not allege that HCM, Seery, or HCFA control HCLOF, or prevented HCLOF from bringing the lawsuit in its own name. They instead allege that "any pre-suit demand would have been futile since asking HCM to bring suit against its principal, Seery, would have been futile." Complaint, ¶ 91. That allegation is a *non sequitur,* because HCLOF is under the direct corporate control, not of HCM, but of two independent directors unaffiliated with either HCM or Seery. While portfolio management is vested in HCFA, *see* Complaint ¶ 24, Plaintiffs do not allege that HCFA or HCM have the corporate authority to file suit (or decline to file suit) against HCM, HCFA, or Seery. With no allegation of wrongdoer control, Plaintiffs have failed to plead a basis of derivative standing to sue for wrongs under Guernsey law. Count I, to the extent it alleges derivative claims, should be dismissed under Federal Rule 12(b)(6) for lack of standing.

    **B.**    **Any Derivative Claims Should Be Dismissed Because No Actual Harm to HCLOF Is Alleged or Could Ever Ripen to Actual Harm**.

Standing is not the only flaw in Plaintiffs' derivative theories. The only potential harm to HCLOF that Plaintiffs identify is alleged in paragraph 89: "Defendants' malfeasance has also exposed HCLOF to a massive liability from Harbourvest since the assignment of those interests is

6

now one that is likely unenforceable under the Advisers Act, Section 47(b), if there was unequal information."

This Complaint's premise of potential harm to HCLOF through "massive liability" to Harbourvest is contradicted by judicially-noticeable documents. In the settlement agreement between HCM and Harbourvest discussed at paragraphs 29 through 35 of the Complaint, Harbourvest broadly released HCLOF from any claims, known or unknown, that were or could have been asserted in, in connection with, or with respect to, HCM's bankruptcy case. *See* Case No. 19-bk-34054, Docket No. 1631-1, section 2(a). (Appendix Exhibit C)[1] With no allegation of actual damage to HCLOF—and with such damage foreclosed by the settlement repeatedly referred to in the Complaint—Plaintiffs' derivative claims should be dismissed under Federal Rule 12(b)(6) for this independent reason.

### C. Plaintiffs Do Not Allege a Derivative Claim for Harm to HCLOF.

Plaintiffs conflate *assets of* HCLOF with *equity interests in* HCLOF. They complain that *equity interests in* HCLOF held by Harbourvest were sold for less than their fair value. *See, e.g.,* Complaint ¶¶ 36 ("At the core of this lawsuit is the fact that HCM purchased the Harbourvest interests in HCLOF for $22.5 million knowing that they were worth far more than that."), 43, 48, 67, 76. These allegations, if they could be proven, might establish harm to Harbourvest for receiving less than it should have received. Or they may establish harm to the Plaintiffs, for

---

[1] In evaluating a motion to dismiss, the Court may consider documents referred to in a complaint that are central to the plaintiff's claims. *See, e.g., Dawes v. City of Dallas,* 2020 WL 3603090 *3 (N.D. Tex. July 2, 2020) ("a court may consider documents that are referred to in a complaint and are central to a plaintiff's claims"). The Harbourvest settlement, referred to in at least seven paragraphs of the Complaint, is central to Plaintiffs' claims. Alternatively, "Judicial notice may be taken of matters of public record. *Walker v. Beaumont Indep. School Dist.,* 938 F.3d 724, 735 (5th Cir. 2019) (citing *Firefighters' Retirement Sys., v. EisnerAmper*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)). The Harbourvest settlement, which is archived as Document Number 1631-1 on the bankruptcy court's docket, and which was approved by the bankruptcy court, is part of the public record.

depriving them of the right to purchase Harbourvest's interests for "less than 50% of what those interests were worth." *See* Complaint ¶ 48. But they do not establish harm to HCLOF, which is a prerequisite to any derivative claim.

Because no harm is alleged to have befallen HCLOF, Plaintiffs lack a derivative claim to bring on behalf of HCLOF. With no colorable derivative claim on behalf of HCLOF—and no claim alleged against HCLOF—there is no reason to keep HCLOF in this case as a "nominal defendant." HCLOF should be dismissed.

### III. The Complaint Should Be Dismissed Against HCLOF Under Rule 12(b)(2) Because the Court Lacks Personal Jurisdiction Over HCLOF.

The Plaintiff "ha[s] the initial burden to plead and prove the requisite contacts with the United States" to support the exercise of personal jurisdiction over HCLOF. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018). "Once a motion to dismiss for lack of personal jurisdiction has been presented to a district court by a nonresident defendant, the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court." *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir. 1989).

In the Complaint, Plaintiffs blandly allege that personal jurisdiction lies "because [Defendants] reside and/or have continual contacts with the state of Texas, having regularly submitted to jurisdiction here." Complaint, ¶ 8. They further allege, "Jurisdiction is proper under 18 U.S.C. § 1965(d)." *Id.* These allegations are insufficient to plead personal jurisdiction.

#### A.   Plaintiff Has Not Established Contacts That Render HCLOF Subject to Personal Jurisdiction of this Court.

##### 1.  *The Court Lacks General Personal Jurisdiction Over HCLOF.*

"General jurisdiction is established where the defendant has 'continuous and systematic' contacts with the forum state." *Dontos v. Vendomation NZ Ltd.,* 582 Fed. Appx. 338, 342 (5th Cir.

2014) (quoting *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010)); *Maruyama U.S. Inc. v. Frazier Corporation,* 2016 WL 836205 *3 (N.D. Tex. Feb. 12, 2016) (Ramirez, M.J.). "To establish general jurisdiction, a nonresident defendant' contacts with the forum state 'must be substantial; random, fortuitous, or attenuated contacts are not sufficient.'" *Innova Hosp. San Antonio L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 995 F.Supp. 2d 587, 616 (N.D. Tex. 2014).

HCLOF is a Guernsey company, *see* Complaint ¶ 5, with its principal place of business in Guernsey. Its two independent directors reside in and transact substantially all of HCLOF's business from the Channel Islands of Jersey and Guernsey. HCLOF does not conduct business in the United States, and its connection with the United States is limited to this litigation and other litigation arising from the acts of its portfolio managers. *See* Declaration of Richard Boléat (Appendix Exhibit D).[2]

Plaintiffs have not pleaded any continuous and specific contacts by HCLOF within Texas, or even the United States. Indeed, the Complaint is devoid of *any* allegations of activity by HCLOF within the United States. The actors in the Complaint are HCM, Seery, HCFA or Plaintiffs; throughout the Complaint, HCLOF is a passive entity.

### 2. *The Court Lacks Specific Personal Jurisdiction Over HCLOF.*

Plaintiffs have alleged no facts to support finding specific personal jurisdiction over HCLOF related to the claims raised in the Complaint. "Courts may exercise specific jurisdiction if a nonresident defendant 'purposefully avails himself of the privileges of conducting activities in

---

[2] "In resolving a [personal] jurisdiction issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof…. Allegations in plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *International Truck and Engine Corp. v. Quintana*, 259 F.Supp. 2d 553, 556-57 (N.D. Tex. 2003) (citations omitted).

the forum state' and 'the controversy arises out of or is related to the defendant's contacts with the forum state.'" *Innova Hosp.*, 995 F. Supp. 2d at 618 (quoting *Choice Healthcare*, 615 F.3d at 369)); *see also Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("[The Fifth Circuit] has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." (collecting cases)).

Plaintiffs have alleged no contacts with the United States from which the claims raised in the Complaint arise or relate. Indeed, there are no alleged actions of HCLOF, of any kind, giving rise to claims pleaded in the Complaint. For these reasons, the Complaint should be dismissed as to HCLOF.

### B.  18 U.S.C. § 1965(d) Does Not Confer Personal Jurisdiction Over HCLOF.

Contrary to Plaintiff's claim in Complaint paragraph 8, 18 U.S.C. § 1965(d) does not confer personal jurisdiction over HCLOF. The provision, titled "venue and process" in the chapter addressing RICO claims, merely sets forth the proper place for service of a RICO proceeding. It does not purport to confer personal jurisdiction where none is otherwise recognized. Besides, the RICO claims are not alleged against HCLOF. This statute has no bearing on jurisdiction over HCLOF.

### JOINDER IN HCM'S MOTION TO DISMISS

Subject to and without waiver of its personal jurisdiction defense, HCLOF also joins in the HCM Motion to Dismiss and accompanying filings with the Court, and incorporates them herein as if fully set forth.

## CONCLUSION

For these reasons, the Complaint should be dismissed as to HCLOF.

Dated: August 30, 2021

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Paul R. Bessette*
Paul R. Bessette
Texas Bar No. 02263050
500 West 2nd St., Suite 1800
Austin, TX 78701-4684
(512) 457-2000 (phone)
(512) 457-2100 (fax)
pbessette@kslaw.com

Jonathan W. Jordan
Texas Bar No. 00784360
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
jjordan@kslaw.com

*Counsel for Highland CLO Funding, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served electronically by the Court's ECF system on August 30, 2021.

/s/ Paul R. Bessette
Paul R. Bessette